J-S24019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIN LEIGH BERRY | |
| Appellant | No. 1021 WDA 2016 |

Appeal from the PCRA Order Dated April 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0000846-2007

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 12, 2017**

Appellant Erin Leigh Berry appeals from the April 28, 2016 order of the Court of Common Pleas of Allegheny County ("PCRA court"), which denied without a hearing his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. As recounted by a prior panel of this Court on Appellant's direct appeal:

> On October 26, 2006, at approximately 11:34 p.m., Marquela Crosby was in an upstairs bedroom at her home located at Pennwood Avenue and South Avenue in the Borough of Wilkinsburg caring for her blind grandmother.  On the first floor in the living room, Carlotta Carey, Marquela's mother, was watching television along with Marrow Carey, Marquela's uncle and Willie Williams, a family friend.  Marrow Carey, in addition to watching television, was on the phone with his girlfriend, Toni Robinson, when there was a kick at the front door followed by a

_____

[*] Former Justice specially assigned to the Superior Court.

second kick which forced the door open and then three individuals ran into the residence all dressed in black with masks covering their faces, and all carrying a firearm. One of the individuals possessed a TEC-9 semi-automatic weapon with a banana clip, which he pointed at Marrow Carey. Marrow Carey put down the phone although he did not end the call that he had with his girlfriend. Toni Robinson heard the conversations that were taking place in the Carey home and concluded that a home invasion/robbery was taking place at which point she ended her phone call and made a 911 call to the Wilkinsburg Police advising them of the situation taking place at the Carey residence.

During the course of this robbery, two of the three individuals went upstairs looking for property to take and were coming down the stairs when the police arrived at the scene. The Wilkinsburg Police station is approximately two and one-half blocks from the Carey residence. Seeing the police lights and hearing the sirens, the individuals decided to flee the residence and two went out the back door and one went out the front door almost running into the police. A chase ensued and during the course of that chase, that individual threw an object into another yard. This individual was not only being chased from the rear by a police officer, but also from the front. Realizing that he would not elude the police, he surrendered, was put to the ground, handcuffed and then searched. During the course of this search the police recovered a red cell phone, which was later identified as being Marquela Crosby's phone. The individual apprehended by the police was subsequently identified as Erin Berry. Officer Ronald Waz of the Wilkinsburg Police Department, in watching [Appellant], saw him exit the Carey residence and attempt to outrun another Wilkinsburg police officer, also saw him toss an object and made a mental note as to where that object landed. During the subsequent search of that area, a TEC-9 semi-automatic with a banana clip was recovered together with an envelope that had the address of the Carey home on it. The other two individuals to these crimes were not apprehended.

*Commonwealth v. Berry*, No. 1489 WDA 2011, unpublished memorandum at 1-2 (Pa. Super. filed February 26, 2014) (citations omitted), *appeal denied*, 96 A.3d 1025 (Pa. 2014).

Appellant was charged with one count of robbery (victim, Marquela Crosby); one count of burglary, one count of carrying a firearm without a license, persons not to possess firearms, possession of a weapon, possession

- 2 -

of an instrument of crime with criminal intent, and five counts of recklessly endangering another person ("REAP").[1]

A jury trial commenced on September 29, 2009, at which Appellant was represented by Donna McClelland, Esq. Following the trial, the jury returned a partial verdict. The jury found Appellant not guilty of carrying a firearm without a license, possession of a weapon and REAP with respect to victim Willie Williams.[2] The jury was hung on the remaining charges. The trial court thereafter granted Appellant's motion for judgment of acquittal as to the possession of an instrument of crime and three REAP counts. The trial court declared a mistrial on the remaining, undecided charges, *i.e.*, robbery, burglary, persons not to possess firearms, and REAP (victim, Marquela Crosby).

On September 14, 2010, a second jury trial commenced, at which Appellant was represented by Joseph Horowitz, Esq. ("Second Trial Counsel"). Following trial, Appellant was found guilty of robbery, burglary,

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a), 6106(a)(1), 6105(a)(1), 907(b), 907(a), and 2705, respectively.

[2] The counts of carrying a firearm without a license and possession of a weapon require that a defendant possess a firearm or other weapon **concealed** upon his person. **See** 18 Pa.C.S.A. §§ 6106(a)(1) and 907(b). In contrast, the offense of persons not to possess firearms does not include an element of concealment. **See** 18 Pa.C.S.A. § 6105(a)(1); **see also Commonwealth v. Williams**, 980 A.2d 667, 673-74 (Pa. Super. 2009) (concluding that carrying a firearms without a license and persons not to possess firearms do not merge for sentencing purposes), **appeal denied**, 990 A.2d 730 (Pa. 2010).

and REAP. The charge of persons not to possess firearms was severed and tried non-jury. The trial court ultimately found Appellant guilty of persons not to possess firearms.

On January 4, 2011, the trial court sentenced Appellant to 10 to 20 years' incarceration for robbery, and 5 to 10 years' incarceration for persons not to possess firearms to run consecutively. The trial court imposed no additional penalty on the remaining convictions.

Following sentencing, Christy Foreman, Esq., entered her appearance on Appellant's behalf. On January 14, 2011, Appellant filed a timely post-sentence motion, challenging his sentence and raising claims of ineffective assistance by Second Trial Counsel. The motion also challenged the trial court's verdict relating to persons not to possess firearms, the voluntary waiver of Appellant's right to a jury trial on this count, and the sufficiency and weight of the evidence underlying the convictions. On June 10, 2011, the trial court held a hearing on Appellant's post-sentence motion, following which it granted in part and denied in part the motion. Specifically, the trial court **dismissed** Appellant's conviction for persons not to possess firearms. The remaining sentence was vacated. The post-sentence motion was denied in all other respects. On August 12, 2011, Appellant was resentenced to 10 to 20 years in prison for robbery and 3 to 6 years' imprisonment for burglary to run consecutively. Appellant timely appealed.

On appeal, a prior panel of this Court affirmed Appellant's judgment of sentence, concluding, in part, that Appellant's sufficiency of the evidence

challenge was waived and that the verdict was not against the weight of the evidence. Our Supreme Court denied Appellant's petition for allowance of appeal.

On July 25, 2015, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who, on December 21, 2015, filed an amended petition, raising ineffective assistance of counsel claims. In particular, Appellant argued that the Second Trial Counsel was ineffective for failing "to raise the issue of collateral estoppel or otherwise to object to the Commonwealth's re-litigation of the issue of [Appellant's] possession of a firearm." Amended PCRA Petition, 12/21/15, at ¶ 15(a). Appellant argued that the first jury acquitted him of carrying a firearm without a license and possession of a weapon, and that his identification by the victim in the second trial was tied solely and impermissibly to the fact that he possessed a firearm. Appellant also argued that the Second Trial Counsel was ineffective for failing "to consult with [Appellant] such that [Appellant] could make a knowing, intelligent, and voluntary decision to waive his right to a trial by jury on the charge of person not to possess a firearm." *Id.* at ¶ 15(b). On May 6, 2016, following a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant relief for want of merit. Appellant timely appealed to this Court. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues for our review:

[I.] Did Appellant's [S]econd [T]rial [C]ounsel render ineffective assistance by failing to raise the issue of collateral estoppel or otherwise to object to the Commonwealth's re-litigation of the issue of Appellant's possession of a firearm before or during Appellant's second jury trial?

[II.] Did Appellant's [S]econd [T]rial [C]ounsel render ineffective assistance by failing to consult with Appellant such that he could make a knowing, intelligent, and voluntary decision to waive his right to a trial by jury on the charge of [p]erson [n]ot to [p]ossess a [f]irearm [], or otherwise consult with Appellant regarding said charge?

Appellant's Brief at 4.[3]

At the outset, we note that Appellant's second claim of ineffective assistance of counsel is moot. As noted above, following Appellant's filing of a post-sentence motion, the trial court dismissed his conviction for persons not to possess firearms.

Appellant's sole claim before us involves ineffective assistance of counsel. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable

_____

[3] To the extent Appellant challenges the trial court's decision not to hold an evidentiary hearing on his PCRA petition, such challenge is waived because Appellant failed to raise it in his Rule 1925(b) statement. Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in **Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009).

basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "***Pierce***[4] test," or the claim fails." ***Id.***

Instantly, Appellant addresses only the reasonable basis prong of the ***Pierce*** test in his brief, which is otherwise bereft of any discussion or argument with respect to the arguable merit and prejudice prongs. ***See*** Appellant's Brief at 14. As we recently emphasized, "[a] petitioner must prove all three factors of the ***Pierce*** test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner ***must adequately discuss all three factors*** of the ***Pierce*** test, or the appellate court will reject the claim." ***Reyes-Rodriguez***, 111 A.3d at 780 (emphasis added) (citing ***Fears***, 86 A.3d at 804)). Thus, given Appellant's failure to discuss the arguable merit and prejudice prongs on appeal, we reject his ineffectiveness claim.

Order affirmed.

---

[4] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017